**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**KOSANDRA WILLIAMS**                                                            **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:22-cv-73-DPJ-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant's Motion to Dismiss [18]. Having considered the record and the applicable law, the undersigned recommends that the Court deny the Motion to Dismiss [18].

On February 14, 2022, Plaintiff filed this action under 42 U.S.C § 405(g) for review of a final decision of the Commissioner of Social Security. Plaintiff also filed a Motion [2] requesting leave to proceed *in forma pauperis*. On March 22, 2022, the Court denied Plaintiff's IFP Motion [2]. *See* Order [7]. On April 20, 2022, the Court directed Plaintiff to serve the Defendant with the summons and complaint and file proof of service pursuant to Fed. R. Civ. P. 4 on or before July 13, 2022 (90 days from the date the filing fee was paid). *See* Order [9].

On August 2, 2022, after Plaintiff failed to file a proof of service, the Court ordered Plaintiff to show cause why this action should not be dismissed for her failure to serve process. *See* Order [11]. On August 5, 2022, Plaintiff filed proofs of service, along with a Response [15] describing her efforts to serve process. On October 19, 2022, however, Defendant filed the instant Motion to Dismiss [18] arguing that this action should be dismissed for Plaintiff's failure to properly serve process on the United States Attorney.

Pursuant to the Federal Rules of Civil Procedure, to serve an agency or officer of the United States, a party must serve the United States and send the summons and complaint by

1

registered or certified mail to the agency or officer. *See* Fed. R. Civ. P. 4(i)(2). Pursuant to Rule 4(i)(1):

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

*See* Fed. R. Civ. P. 4(i)(1).

In her Motion to Dismiss [18], Defendant argues that while Plaintiff may have sent a copy of the summons to the United States Attorney via certified mail, she did not send a copy of the complaint as required by Rule 4(i)(1). Plaintiff responded in a Motion for Court Hearing [20] by explaining that she suffers from "cognitive and social problems" and by pointing out that copies of the summons were served via certified mail. Plaintiff, however, does not assert that she properly served a copy of the complaint on the United States Attorney.

Thus, the record demonstrates that Defendant has not been properly served pursuant to Rule 4(i). Rule 4(m) provides that: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See* Fed. R. Civ. P. 4(m).

Mindful of the leniency afforded *pro se* litigants and Plaintiff's efforts to serve Defendant, the undersigned recommends that the Court deny the Motion to Dismiss [18] and allow additional time for proper service. Additionally, the undersigned recommends that the Court order service to be effectuated under the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), which became effective on December 1, 2022.[1] Although this action was filed before the effective date of the Supplemental Rules, the Court may apply the new rules to this action when it is "just and practicable." *See Burt v. Ware*, 14 F.3d 256, 257-59 (5th Cir. 1994); https://www.supremecourt.gov/orders/courtorders/frcv22_b8dg.pdf.

Plaintiff has responded to the Court's orders and Defendant's motions, and she has made good faith efforts to serve the Defendant, who will not suffer any undue prejudice if the Motion to Dismiss [18] is denied and service is effectuated under the Supplemental Rules. *See Funches v. Miss. Dev. Authority*, 2017 WL 1451164, *2 (S.D. Miss. July 6, 2017); *Carter v. EZ Flo International*, 2022 WL 17541407, at *7 (E.D. Tex. Sept. 2, 2022) ("leniency in the technical requirements of service can be proper where a pro se litigant has made a good faith effort to perfect service and actual notice was achieved") (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1014 (5th Cir. 1990)). Applying the new Rule to this action is the "just and practicable" course and will allow this action to proceed without further delay and with sufficient notice to Defendant.

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends that:

---

[1] Supplemental Rule 3 provides as follows: "The Court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office or General Counsel and to the United States Attorney for the district where the action is filed. If the complaint was not filed electronically, the court must notify the plaintiff of the transmission. The plaintiff need not serve a summons and complaint under Civil Rule 4."

1. The Motion to Dismiss [18] be DENIED; and

2. The Court direct that service be effectuated under the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 19th day of December, 2022.

s/ Michael T. Parker
United States Magistrate Judge
